Electronically FILED by Superior Court of California, County of Los Angeles on 06/02/2021 11:03 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV20612

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>SOUTHWEST AIRLINES CO., a Corporation; and, DOES 1 through 10, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>DESIREE LOWENBERG, an individual | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* LOS ANGELES<br><br>111 North Hill Street<br>Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>21STCV20612 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kamran Shahabi, VALIANT LAW, 800 Ferrari Lane, Suite 100, Ontario, CA 91764, (909) 677-2270

Sherri R. Carter Executive Officer / Clerk of Court

| | | | |
|---|---|---|---|
| **DATE:**<br>*(Fecha)* 06/02/2021 | Clerk, by<br>*(Secretario)* R. Clifton | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Southwest Airlines Co., a Corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

Electronically FILED by Superior Court of California, County of Los Angeles on 06/02/2021 11:03 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV20612

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephen Goorvitch

1  Raymond Babaian (State Bar No. 232486)
   rb@valiantlaw.com
2  Kamran Shahabi (State Bar No. 276194)
   ks@valiantlaw.com
3  Michael Saldana (State Bar No. 326147)
   mes@valiantlaw.com
4  VALIANT LAW
   800 Ferrari Lane, Suite 100
5  Ontario, California 91764
   Phone: 909 677 2270 ♦ Fax: 909 677 2290
6
   Attorneys for Plaintiff, DESIREE LOWENBERG
7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10

11  DESIREE LOWENBERG, an individual      Case No. 21STCV20612

12            Plaintiff,                  PLAINTIFF'S COMPLAINT FOR:

13       v.                               1. Sex Discrimination in Violation of §
                                             12940;
14  SOUTHWEST AIRLINES CO., a             2. Disability Discrimination in Violation
    Corporation; and, DOES 1 through 10,     of § 12940;
15  inclusive,                            3. Failure to Engage in the Interactive
                                             Process;
16            Defendants.                 4. Failure to Provide Reasonable
                                             Accommodation in Violation of §
17                                           12940;
                                          5. Interference with Substantive rights
18                                           under FMLA § 2615;
                                          6. Retaliation in Violation of § 12940;
19                                        7. Retaliation in Violation of Labor Code
                                             § 1102.5
20                                        8. Failure to Prevent Discrimination and
                                             Retaliation in Violation of FEHA;
21                                        9. Wrongful Termination in Violation of
                                             Public Policy.
22                                        10. Intentional Infliction of Emotional
                                             Distress; and
23                                        11. Negligent infliction of Emotional
                                             Distress.
24

25

26                                        **DEMAND FOR JURY TRIAL**

27

28

                              -1-
                      PLAINTIFF'S COMPLAINT

*(left margin)* VALIANT LAW  800 FERRARI LANE, SUITE 100  ONTARIO, CALIFORNIA 91764  TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

**COMES NOW** Plaintiff, DESIREE LOWENBERG, an individual, and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an unlimited civil case and the Court has jurisdiction over this action because the amount of controversy exceeds $25,000, exclusive of interest and costs.

2.      Jurisdiction and venue are also proper in this Court because Defendant Southwest Airlines does or did do business in Los Angeles county.  See also California Code of Civil Procedure § 395 which provides that venue is proper in this County because PLAINTIFF and DEFENDANTS, or some of them reside in this County, maintain a physical presence in this County, are all domiciled in California, and conduct sufficient business and/or have contacts in this County.

## PARTIES

3.      Plaintiff DESIREE LOWENBERG (hereinafter, "PLAINTIFF"), at all times relevant hereto, was and is a resident of the State of California.

4.      PLAINTIFF is informed and believes, and thereon alleges, that Defendant, SOUTHWEST AIRLINES CO., (hereinafter, "SOUTHWEST"), is an active foreign corporation organized and existing under the laws of the United States and is qualified to do business in the State of California.

5.      PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 10, inclusive (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing business at all times herein mentioned and material hereto in the State of California, and are/were the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative, manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

6.      SOUTHWEST, and DOES 1 through 10 shall be referred to herein collectively as "DEFENDANTS."

7.      PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 10, inclusive (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-2-

PLAINTIFF'S COMPLAINT

1  business at all times herein mentioned and material hereto in the State of California, and are/were

2  the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative,

3  manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned

4  herein acting within the course and scope of said agency and employment, and that all acts or

5  omissions alleged herein were duly committed with the ratification, knowledge, permission,

6  encouragement, authorization and consent of each defendant designated herein.

7      8.      All of the acts and conduct herein and below described of each and every corporate

8  Defendant was duly authorized, ordered by management-level employees of said corporate

9  employers. In addition, thereto, said corporate employers participated in the aforementioned acts

10 and conduct of their said employees, agents and representatives, and each of them; and upon

11 completion of the aforesaid acts and conduct of said corporate employees, agents and

12 representatives, the Defendant corporations, respectively and collectively, ratified, accepted the

13 benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the

14 said acts and conduct of the aforementioned corporate employees, agents and representatives.

15                          **EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS**

16     9.      PLAINTIFF exhausted her administrative remedies by timely filing a complaint for

17 the issues required to be raised herein against DEFENDANTS with the California Department of

18 Fair Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the

19 DFEH attached hereto as **Exhibit A.**

20                                  **FACTUAL ALLEGATIONS**

21     10.     PLAINTIFF was hired by SOUTHWEST in or about June 2017, as a Flight

22 Attendant. At all times relevant hereto, PLAINTIFF was a dedicated and loyal employee of

23 SOUTHWEST and met or exceeded workplace expectations.

24     11.     From June 2017 to the end of November 2018, PLAINTIFF worked out of the

25 SOUTHWEST hub located in Oakland, California. However, at such time, PLAINTIFF lived in

26 Southern California and, thus, flew into Oakland prior to the start of her scheduled work time.

27 Despite having to travel hundreds of miles to work, PLAINTIFF performed her job duties to

28 satisfaction.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-3-

12.     Throughout PLAINTIFF'S employment, it was the policy of SOUTHWEST to allow employees, including PLAINTIFF, to trade or drop their work shifts with other SOUTHWEST employees. Since SOUTHWEST posted employee work schedules in advance, many employees utilized the option to trade and drop shifts with other SOUTHWEST employees to better accommodate their personal needs.

13.     As a result of PLAINTIFF'S living situation, PLAINTIFF would trade shifts so that her shifts were closer together which allowed her to reduce the amount of time needed to travel from her home to Oakland. Further, showing the dedication PLAINTIFF had to her employment with SOUTHWEST, PLAINTIFF often slept in the crew lounge or in a vehicle between her scheduled shifts.

14.     Nonetheless, in or about May 2018, PLAINTIFF became aware that she was pregnant with her first child. After speaking to her healthcare provider, PLAINTIFF immediately informed SOUTHWEST of her pregnancy. Upon information and belief, SOUTHWEST did not have an official pregnancy-related work policy but allowed an employee to continue working in accordance with the recommendations of the employee's healthcare provider.

15.     Thereafter, in or about June 2018, SOUTHWEST announced the creation of a new "home base" in Los Angeles, California at LAX. Excited about the possibility to drastically decrease her commute, PLAINTIFF applied for a transfer from the Oakland home base to LAX in or about September 2018. In or about the same time, PLAINTIFF notified SOUTHWEST that she was pregnant with her first child. Notably, however, SOUTHWEST failed to engage PLAINTIFF in any good faith interactive process to see if she could be reasonably accommodated.

16.     As a result of her pregnancy, in or about October 2018, PLAINTIFF visited urgent care with the belief that she had an infection. At the time the health professionals, mistakenly believed PLAINTIFF was only experiencing pregnancy related symptoms and released PLAINTIFF from their care. Approximately two weeks later PLAINTIFF was rushed to the emergency room due to pregnancy related complications. At the hospital PLAITNIFF was told she was having premature contractions. PLAINTIFF immediately notified SOUTHWEST of her pregnancy related complications, however, again, SOUTHWEST failed to engage PLAINTIFF in any good faith

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

-4-

1  interactive process to see if she could be reasonably accommodated.

2      17.     Thereafter, despite her medical limitations, PLAINTIFF worked as much as
3  reasonably possible out of fear of losing her job. Despite PLAINTIFF's best efforts to work through
4  her limitations, PLAINTIFF was forced to call out from work on several occasions due to her
5  pregnancy. Since she was a qualified worker, PLAINTIFF used her protected Family and Medical
6  leave when she felt her pregnancy complications might prevent her from providing the best service
7  possible for SOUTHWEST customers. Despite PLAINTIFF's continued notifications regarding her
8  pregnancy and resulting medical conditions, SOUTHWEST continued to avoid their legal obligation
9  by failing to engage PLAINTIFF in any interactive process to determine if any reasonable
10 accommodations were needed that would allow PLAINTIFF to continue working.

11     18.     In or about October 2018, SOUTHWEST approved PLAINTIFF's transfer request
12 from the Oakland home base to LAX. PLAINTIFF's official start date at the LAX home base was
13 December 1, 2018.

14     19.     In or about November 2018, SOUTHWEST released the work schedule for the
15 month of December 2018. As a result of PLAINTIFF's transfer, which was expected to be effective
16 as of December 2018, PLAINTIFF was able to take advantage of the shorter commute and different
17 schedules which she previously was not able to accommodate due to her prior commute.
18 Accordingly, PLAINTIFF traded shifts to take "reserve blocks," which consisted of multiple days
19 where the employee was on call to cover a flight if another flight attendant was unable to make it to
20 their shift. Plaintiff did so to accommodate herself, without any assistance from SOUTHWEST.

21     20.     On or about November 30, 2018, during a return flight from Ontario, California, to
22 Oakland, California, PLAINTIFF began to experience what she believed to be pregnancy related
23 symptoms. Fearful of a possible pregnancy complication, PLAINTIFF informed SOUTHWEST that
24 she would be unable to work the next day – December 1, 2018. To protect not only her wellbeing,
25 but also her unborn baby's wellbeing, PLAINTIFF immediately visited her medical professional.
26 Due to PLAINTIFF'S then current condition, her medical professionals recommended that
27 PLAINTIFF commence her maternity leave sooner than originally anticipated in order to prevent
28 any further pregnancy complications. Accordingly, PLAINTIFF immediately informed

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

-5-
PLAINTIFF'S COMPLAINT

1  SOUTHWEST of her need to commence maternity leave sooner than expected.

2      21.    Throughout the month of December 2018, PLAINTIFF continued to experience

3  pregnancy complications which resulted in several visits to the hospital and the subsequent birth of

4  her child on January 13, 2019.

5      22.    Less than a month after her baby was born, and while PLAINTIFF was still on leave

6  to bond with her child, in or about February 2019, PLAINTIFF received a phone call from

7  SOUTHWEST management. To her surprise, PLAINTIFF was accused of "picking up trips with

8  the intent not to fly" which was classified as a class-1 violation. In an effort to resolve any confusion,

9  PLAINTIFF stated her schedule may have appeared irregular as she was unable to fly on certain

10  dates as a result of her pregnancy complications and complained that SOUTHWEST had no

11  pregnancy related leave policy which she reasonably believed was a legal violation. As a result,

12  PLAINTIFF was scheduled to appear for a "fact finding meeting" when she returned to work.

13      23.    Upon the exhaustion of her protected leave, PLAINTIFF returned to work with the

14  expectation of conducting a "fact finding meeting". On or about August 16, 2019, PLAINTIFF met

15  with Assistant Base Manager, Thomas Wilson (hereinafter, "WILSON") to discuss the accusations

16  against PLAINTIFF. WILSON claimed that PLAINTIFF had taken flights with "the intent not to

17  fly," for money. To defend herself, PLAINTIFF explained that she used FMLA protected leave days

18  because she was dealing with pregnancy complications. Additionally, PLAINTIFF explained that

19  she had planned to work for the month of December, but it was due to unexpected pregnancy

20  complication which resulted PLAINTIFF'S health care provider to recommend that PLAINTIFF

21  not return to work in order to protect PLAINTIFF's health and the health of her unborn baby. To

22  support her contentions, PLAINTIFF provided medical documents that proved that PLAINTIFF's

23  absence from December were due to unexpected – therefore not intentional – pregnancy

24  complications.

25      24.    Egregiously, SOUTHWEST told PLAINTIFF that she "admitted" she knew she had

26  recurring health issues that would keep her from working in December but that she picked up the

27  shifts anyway. Again, at no time did SOUTHWEST ever engage PLAINTIFF in a good faith

28  interactive process to see if she could be reasonably accommodated, accordingly, PLAINTIFF was

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-6-

1  left to accommodate herself and any scheduling issues arising due to her health conditions.

2   25.   Despite the amount of evidence supporting PLAINTIFF, WILSON ended the

3  meeting by taking PLAINTIFF's badge and ultimately terminating PLAINTIFF's employment a

4  week later, on or about August 23, 2019. PLAINTIFF is informed and believes she was terminated

5  in direct retaliation for her pregnancy status, medical conditions, and requests for protected leave.

6  ### FIRST CAUSE OF ACTION

7  ### Sex Discrimination in Violation of FEHA

8  ### (As to Defendant SOUTHWEST)

9   26.   PLAINTIFF incorporates by reference, repeats, and realleges, each and every

10  preceding and subsequent paragraph as though fully set forth herein.

11   27.   SOUTHWEST was PLAINTIFF's employer at all relevant times mentioned herein.

12  PLAINTIFF was SOUTHWEST'S employee at all relevant time mentioned herein.

13   28.   At all times herein mentioned, Government Code §§ 12940 et seq., was in full force

14  and effect and was binding on SOUTHWEST. This statute requires SOUTHWEST to refrain from

15  discrimination against any employee based on their sex.  Further, SOUTHWEST may not refuse to

16  hire, select for a training program or promotion, and may not discharge, discriminate or retaliate

17  against PLAINTIFF because of her sex or for opposing any unlawful employment practice, filing a

18  complaint, testifying or assisting in any proceeding under the FEHA. (Gov. Code § 12940 et seq.)

19   29.   California Government code section 12926(r)(1) defines "sex" to include "pregnancy

20  or medical conditions related to pregnancy" (Cal. Gov't Code § 12926(r)(1)(A).) California

21  Government code section 12926(r)(1) defines "sex" to further include "childbirth or medical

22  conditions related to childbirth" (Cal. Gov't Code § 12926(r)(1)(B)). Furthermore, California

23  Government code section 12926 and 12940 requires an employer to allow an employee disabled by

24  pregnancy, childbirth or related medical conditions to take a leave of absence and to maintain her

25  health insurance during the leave. Additionally, FEHA protects a women's right to hold employment

26  and receive paid maternal leave for pregnancy. Therefore, it is illegal for an employer to terminate

27  and employee for their pregnancy status.

28   30.   PLAINTIFF gave SOUTHWEST notice of her pregnancy in or about May 2018.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-7-

1   SOUTHWEST knew or should have known that PLAINTIFF's pregnancy would limit her major

2   life activities, or that PLAINTIFF might require certain reasonable accommodations related to her

3   pregnancy and labor scheduled for February 2019.

4       31.     SOUTHWEST, however, engaged in a pattern and practice of sex discrimination

5   from at least May 2019 through PLAINTIFF's termination. SOUTHWEST managers and

6   supervisors, trusted to employ fair and legal practices, denied PLAINTIFF her legal rights, and

7   treated her differently because of her sex— pregnancy.

8       32.     PLAINTIFF was treated differently, discriminated, and retaliated against because of

9   her sex—pregnancy. PLAINTIFF was not accommodated or provided sufficient pregnancy

10  accommodations. PLAINTIFF was otherwise subject to disparate treatment discrimination,

11  including her eventual termination, on account of her sex and pregnancy. PLAINTIFF's status was

12  and remains a substantial motivating reason for her disparate treatment. Because of PLAINTIFF's

13  status, she was subjected to different terms, conditions and/or privileges of employment that were

14  adverse.

15      33.     Instead of adhering to their legal obligations of providing reasonable

16  accommodations and allowing PLAINTIFF to begin her maternity leave early, SOUTHWEST

17  intended to use the absence as a reason for PLAINTIFF'S termination.

18      34.     SOUTHWEST discriminated against PLAINTIFF based on her sex and terminated

19  PLAINTIFF because of her sex, in violation of FEHA. SOUTHWEST discrimination and retaliation

20  include (without limitation), PLAINTIFF being denied an interactive process and reasonable

21  accommodation, and PLAINTIFF being wrongfully terminated upon returning from family leave.

22      35.     By engaging in the above referenced acts and omissions, SOUTHWEST

23  discriminated against PLAINTIFF because of her sex in violation of Government Code §§ 12940,

24  et seq. and PLAINTIFF was significantly harmed. SOUTHWEST conduct was a substantial factor

25  in causing PLAINTIFF's harm.

26      36.     As such, and as a result of SOUTHWEST unlawful conduct, PLAINTIFF suffered

27  and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional

28  distress, including (without limitation), depression, decline in health, anxiety, embarrassment,

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1    humiliation, loss of self-esteem, and mental anguish.

2         37.    PLAINTIFF will seek economic damages, non-economic damages, punitive

3    damages, recovery of her reasonable attorney's fees and costs as the prevailing party and in amounts

4    to be proven at trial in addition to interest thereon and any and all other remedies and damages

5    available under the applicable laws.

6                              **SECOND CAUSE OF ACTION**

7                     **Disability Discrimination in Violation of FEHA**

8                          **(As to Defendant SOUTHWEST)**

9         38.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

10   preceding and subsequent paragraph as though fully set forth herein.

11        39.    SOUTHWEST was PLAINTIFF's employer at all relevant times mentioned herein.

12   PLAINTIFF was SOUTHWEST'S employee at all relevant times mentioned herein.

13        40.    At all times herein mentioned, Government Code §§ 12940 et seq., was in full force

14   and effect and was binding on DEFENDANTS. Government Code §§ 12940 et seq. thereby requires

15   DEFENDANTS to refrain from discrimination against any employee because of their disability,

16   physical and mental condition. Furthermore, DEFENDANTS may not refuse to hire, select for a

17   training program or promote, and may not discharge, discriminate or retaliate against, PLAINTIFF

18   because of her disability or for opposing any unlawful employment practice, filing a complaint,

19   testifying or assisting in any proceeding under the FEHA. Government Code §§ 12940 et seq.

20   Additionally, under Government Code §§ 12940 et seq. a woman disabled by pregnancy is entitled

21   to the protections afforded any other disabled employee. (*Sanchez v. Swissport, Inc.* (2013) 213

22   Cal.App.4th 1331, 1339.)

23        41.    PLAINTIFF is a member of a protected class under FEHA, as she was pregnant.

24   SOUTHWEST knew or should have known of PLAINTIFF'S pregnancy related disability and

25   pursuant to the California Government Code § 12900 et seq., PLAINTIFF had a legal right to be

26   free from discrimination based on her pregnancy disability.

27        42.    At all relevant times, SOUTHWEST was aware of PLAINTIFF's pregnancy and how

28   pregnancy could limit major life activity.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-9-

43.     PLAINTIFF was competently performing the duties of her position with DEFENDANTS and would have remained able to competently perform her duties with a reasonable accommodation. PLAINTIFF suffered an adverse employment action, as PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS wrongfully terminated PLAINTIFF for, among other things, her pregnancy disability and her request for reasonable accommodations.

44.     PLAINTIFF is informed and believes that PLAINTIFF'S pregnancy and SOUTHWEST'S unwillingness to provide reasonable accommodations were the motivating reasons for PLAINTIFF'S termination.

45.     As a result of DEFENDANTS' discrimination, PLAINTIFF has sustained and continues to suffer emotional distress, mental and physical pain, anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, depression and shame.

46.     DEFENDANTS' discrimination of PLANTIFF because she was pregnant and/or breastfeeding were substantial factors in causing PLAINTIFF harm.

47.     In light of the willful, knowing, and intentional pregnancy disability discrimination by DEFENDANTS, PLAINTIFF seeks an award of punitive and exemplary damages in an amount according to proof at trial.

48.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. PLAINTIFF will seek recovery of her attorneys' fees and costs at the conclusion of this lawsuit.

### THIRD CAUSE OF ACTION

**Failure to Engage in the Interactive Process in Violation of FEHA**

**(As to SOUTHWEST)**

49.     PLAINTIFF incorporates by reference, repeats and realleges, each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

50.     Pursuant to Government Code § 12940, et seq., SOUTHWEST was required to engage in a good faith interactive process with PLAINTIFF to determine the extent of accommodations needed based upon her notice of pregnancy.

51.     In violation of California Government Code § 12940(n), DEFENDANTS failed to engage in the interactive process concerning reasonable accommodations for PLAINTIFF's

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1   disability. There are no magic words to necessitate the good faith interactive process; "'the

2   obligation [to engage in the interactive process] arises once the employer becomes aware of the need

3   to consider an accommodation'" *Gelfo v. Lockheed Martin Corp.*, (2006) 140 Cal.App.4th 34, fn.

4       52.    DEFENDANTS refused to provide an interactive process once they were made

5   aware of PLAINTIFF's medical condition and premature complications which caused

6   PLAINTIFF to seek medical treatment. Additionally, SOUTHWEST failed to engage in a good faith

7   interactive process once they were made aware of PLAINTIFF's pregnancy.

8       53.    DEFENDANTS intentionally, knowingly, and willfully failed to engage in a timely,

9   good faith, interactive process with PLAINTIFF to determine whether it could provide effective

10   reasonable accommodations to PLAINTIFF. Instead, DEFENDANTS retaliated against

11   PLAINTIFF by wrongfully terminating her employment. PLAINTIFF alleges that DEFENDANTS

12   performed the aforementioned conduct with malice and/or with the intent to oppress.

13       54.    As a result of DEFENDANTS' wrongful conduct, PLAINTIFF has sustained and

14   continues to sustain losses in earnings and other employment benefits.

15       55.    As a result of DEFENDANTS' wrongful conduct, PLAINTIFF has suffered and

16   continues to suffer emotional distress, mental and physical pain, anguish, pain and suffering, loss of

17   sleep, loss of appetite, anxiety, depression and shame.

18       56.    In light of DEFENDANTS willful, knowing, and intentionally malicious and/or

19   oppressive conduct, PLAINTIFF seeks an award of punitive and exemplary damages in an amount

20   according to proof at trial.

21       57.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

22   PLAINTIFF will see the recovery of her attorneys' fees and costs at the conclusion of this lawsuit.

23   **FOURTH CAUSE OF ACTION**

24   **Failure to Provide Reasonable Accommodations in Violation of FEHA**

25   **(As to Defendant SOUTHWEST)**

26       58.    PLAINTIFF incorporates by reference, repeats and realleges, each and every

27   allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

28       59.    Pursuant to Government Code §§ 12940 and 12945 SOUTHWEST was required to

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

1 reasonably accommodate PLAINTIFF's pregnancy related requests. Under California Government

2 Code section 12945, an employer is required to provide at least four months of leave, regardless if

3 there is a hardship on the employer. Under FEHA a reasonable accommodation may be an amount

4 of time with no statutory definition if there is no hardship placed on the employer if the employee

5 is likely to be able to return to the position in the foreseeable future. *Jensen v. Wells Fargo*

6 *Bank* (2000) 85 Cal.App.4th 245, 263, 102 Cal.Rptr.2d 55. Additionally, an accommodation cannot

7 be reasonable if it leads to the employee's termination. *Hernandez v. Rancho Santiago Community*

8 *College Dist.*, 22 Ca;. App. 5th 1187, 1194 (2018). Instead of providing reasonable accommodations

9 – an early start to PLAINTIFF's maternity leave – SOUTHWEST terminated PLAINTIFF for

10 beginning her maternity leave early and using her FMLA leave.

11      60.      At all relevant times, PLAINTIFF was a qualified employee who could have

12 performed her duties if provided reasonable accommodations. Moreover, PLAINTIFF suffered from

13 a pregnancy, childbirth or related medical condition which caused PLAINTIFF to request a

14 reasonable accommodation in line with the recommendation of her healthcare professional.

15 Furthermore, SOUTHWEST denied this reasonable accommodation by using PLAINTIFF's

16 absence as the main reason for PLAINTIFF's termination.

17      61.      By engaging in the above-referenced acts and/or omissions, SOUTHWEST failed to

18 provide PLAINTIFF with reasonable accommodations in violation of Government Code § 12940,

19 et seq. and Government Code § 12945.

20      62.      As a result of SOUTHWEST'S unlawful conduct, PLAINTIFF suffered and

21 continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional

22 distress, including but not limited to, depression, decline in health, anxiety, embarrassment,

23 humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek

24 economic damages, non-economic damages, punitive damages, recovery of her reasonable

25 attorney's fees and costs any and all other remedies and damages available under the applicable

26 laws against SOUTHWEST.

27 ///

28 ///

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

**FIFTH CAUSE OF ACTION**

**FMLA Retaliation in Violation of 29 U.S.C. § 2601, et seq.**

**(As to SOUTHWEST)**

63.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

64.     At all times relevant to this Complaint, SOUTHWEST was a covered employer under the Family and Medical Leave Act ("FMLA"). 29 U.S.C. § 2611.

65.     At all relevant times, PLAINTIFF was an employee of SOUTHWEST. Additionally, SOUTHWEST was the employer of PLAINTIFF.

66.     PLAINTIFF was covered under the FMLA as an employee with a serious health condition employed by SOUTHWEST for at least twelve months, and who had performed at least 1,250 hours of service during the previous twelve-month period. *Id.*

67.     Under the FMLA, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." *Id.* § 2615(a).

68.     The FMLA"s "prohibition against 'interference' prohibits an employer from discriminating or retaliating against an employee . . . for having exercised or attempted to exercise FMLA rights. . . ." 29 C.F.R. § 825.220(c).

69.     "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions." *Id.*

70.     Employers who violate the FMLA "may be liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered." Id. § 825.220(b); 29 U.S.C. § 2617.

71.     Under the Family and Medical Leave Act, an employee is entitled to 12 weeks of medical leave. On return from medical leave an employee is entitled to be returned to the same position or one that is comparable. Courts have determined that employees are entitled to two theories of recovery on FMLA claims, one being an interference claim. *Sanders v City of Newport*

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1  (9th Cir. 2011) 657 f.3d 772,777.

2       72.    PLAINTIFF informed SOUTHWEST of her intent to use FMLA leave on multiple

3  occasions. However, once PLAINTIFF returned from her protected leave, unlawfully terminated

4  PLAINTIFF for utilizing her FMLA leave.

5       73.    As a result of SOUTHWEST'S unlawful action, PLAINTIFF was harmed.

6       74.    As a result of DEFENDANT'S action, PLAINTIFF sustained and continues to

7  sustain economic harm, including but not limited to, loss of pay and future employment

8  opportunities. Moreover, PLAINTIFF suffered and continues to suffer mental and physical anguish,

9  anxiety, and loss of sleep. Furthermore, PLAINTIFF has incurred and continues to incur reasonable

10  attorney cost and fees.

## SIXTH CAUSE OF ACTION

### Retaliation in Violation of § 12940

### (As to SOUTHWEST)

14       75.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

15  allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

16       76.    At all relevant times, PLAINTIFF was an employee of SOUTHWEST. Additionally,

17  at all relevant times SOUTHWEST was the employer of PLAINTIFF.

18       77.    California Government Code § 12940(h), et seq. makes it an unlawful employment

19  practice from an employer to retaliate against an employee who participated in a protected activity.

20       78.    PLAINTIFF engaged in protected activity when she requested reasonable

21  accommodations, maternity leave. However, SOUTHWEST failed to fulfill their legal obligation

22  by providing a reasonable accommodation, and instead, acted with the intent to terminate

23  PLAINTIFF as a result to her request to begin her maternity leave early.

24       79.    In response thereto, DEFENDANT'S retaliated against PLAINTIFF by terminating

25  PLAINTIFF's employment as a result of an unwillingness to provide reasonable accommodations.

26       80.    By engaging in the above-referenced acts and omissions, DEFENDANTS retaliated

27  against PLAINTIFF because she participated in a protected activity. PLAINTIFF alleges that

28  DEFENDANTS performed the aforementioned conduct with malice and/or with the intent to

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1  oppress her.

2      81.    As a result of DEFENDANTS' wrongful conduct, PLAINTIFF has sustained and

3  continues to sustain losses in earnings and other employment benefits.

4      82.    As a result of DEFENDANTS' wrongful conduct, PLAINTIFF has suffered and

5  continues to suffer emotional distress, mental and physical pain, anguish, pain and suffering, loss of

6  sleep, loss of appetite, anxiety, depression and shame.

7      83.    DEFENDANTS' malicious and/or oppressive retaliatory conduct was a substantial

8  factor in causing PLAINTIFF's harm.

9      84.    In light of DEFENDANTS' willful, knowing, and intentionally malicious and/or

10  oppressive conduct, PLAINTIFF seeks an award of punitive and exemplary damages in an amount

11  according to proof at trial.

12      85.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

13  PLAINTIFF will seek the recovery of her attorneys' fees and costs at the conclusion of this lawsuit.

14              **SEVENTH CAUSE OF ACTION**

15         **Retaliation in Violation of Labor Code § 1102.5**

16      86.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

17  allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

18      87.    Labor Code Section 1102.5, also known as the whistleblower protection statute,

19  prohibits retaliation against an employee who discloses information about, or refuses to participate

20  in, an illegal activity. (Lab. Code, § 1102.5(b), (c), (h)). Liability may be predicated on retaliation

21  by "any person acting on behalf of the employer."

22      88.    SOUTHWEST was PLAINTIFF's employer at all relevant times mentioned herein.

23  PLAINTIFF was SOUTHWEST'S employee at all relevant times mentioned herein.

24      89.    SOUTHWEST believed and knew that PLAINTIFF disclosed to persons with

25  authority over PLAINTIFF, as well as employees with authority to investigate, discover, or correct

26  legal violations, including but not limited to complaining to SOUTHWEST regarding failure to

27  have, to abide by and implement their pregnancy related policies in violation of California law .

28      90.    PLAINTIFF had reasonable cause to believe that the information disclosed a

-15-

1  violation of a state and federal statute.

2      91.    As a result of PLAINTIFF's complaint, PLAINTIFF was unlawfully and egregiously

3  retaliated against by SOUTHWEST, including PLAINTIFF'S ultimate pretextual wrongful

4  termination of employment.

5      92.    PLAINTIFF's disclosure and complaints regarding the SOUTHWEST'S non-

6  compliant pregnancy policies were a contributing factor in SOUTHWESTS decision to retaliate,

7  discriminate, and terminate PLAINTIFF's employment.

8      93.    As a direct and proximate result of SOUTHWEST'S conduct, PLAINTIFF was

9  harmed and has sustained and continues to suffer emotional distress, mental and physical pain,

10  anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, depression and shame

11      94.    SOUTHWEST'S conduct outlined herein were substantial factors in causing

12  PLAINTIFF's harm.

13      95.    In light of SOUTHWEST'S illegal, willful, knowing, and intentionally malicious

14  and/or oppressive conduct, PLAINTIFF is entitled to exemplary, general and compensatory

15  damages and attorney's fees and costs in amounts to be proven at trial, in addition to liquidated

16  damages and prejudgment and post judgment interest thereon.

17                      **EIGHTH CAUSE OF ACTION**

18            **Failure to Prevent Discrimination and Retaliation**

19                   **(As to Defendant SOUTHWEST)**

20      96.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

21  allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

22      97.    While employed with DEFENDANTS, PLAINTIFF was subjected to discrimination

23  based on her disability related to her pregnancy, hostile conduct, and retaliation as alleged in this

24  Complaint.

25      98.    SOUTHWEST became aware of PLAINTIFF's pregnancy and need for a good faith

26  interactive process to determine if PLAINTIFF required reasonable accommodations. Despite

27  SOUTHWEST'S clear legal duties, SOUTHWEST intentionally chose to deny PLAINTIFF her

28  legal rights and refused to engage in a good faith interactive process and proved reasonable

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1   accommodations. As a result, PLAINTIFF was discriminated against because she was a member of

2   a protected class- sex and disability.

3       99.    DEFENDANT's failure to take reasonable steps to prevent the discrimination and

4   retaliation was a substantial factor in causing PLAINTIFF's harm.

5       100.   As a result of the failure to prevent discrimination, harassment and retaliation,

6   PLAINTIFF sustained and continues to sustain losses in earnings and other employment benefits.

7       101.   As a result of the failure to prevent discrimination, harassment, and retaliation,

8   PLAINTIFF has sustained and continues to suffer emotional distress, mental and physical pain,

9   anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, embarrassment, depression, and

10  shame.

11      102.   In light of DEFENDANTS' illegal, willful and knowing conduct, PLAINTIFF is

12  entitled to exemplary, general and compensatory damages and attorneys' fees and costs in amounts

13  to be proven at trial, in addition to liquidated damages and prejudgment and post judgment interest

14  thereon any and all other remedies and damages available under applicable laws.

15                          **NINTH CAUSE OF ACTION**

16              **Wrongful Termination in Violation of Public Policy**

17                          **(As to All DEFENDANTS)**

18      103.   PLAINTIFF incorporates by reference, repeats, and realleges, each and every

19  allegation contained above as though fully set forth herein.

20      104.   At all relevant times mentioned herein, the public policy of the State of California,

21  as codified, expressed and mandated in California Government Code § 12940(h) was and is to

22  prohibit employers from discriminating and retaliating against any individual based on, among other

23  things, their exercise of rights under that Section. This public policy is designed to protect all

24  employees and to promote the welfare and well-being of the community at large. Accordingly, the

25  actions of DEFENDANTS, in discriminating, retaliating and terminating PLAINTIFF on the

26  grounds stated above was wrongful and in contravention and violation of the express public policy

27  of the State of California and the laws and regulation promulgated thereunder.

28      105.   PLAINTIFF was subjected to working conditions that violated public policy, in that

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-17-

1  PLAINTIFF was subjected to discrimination and retaliation by DEFENDANTS.

2  106.  PLAINTIFF was discriminated against, and ultimately discharged, in violation of

3  public policy. In so doing, said managing agents and/or officers of DEFENDANTS, acted with

4  oppression fraud and malice, as those terms are used in California Civil Code § 3294. As such,

5  PLAINTIFF is entitled to an award of punitive damages.

6  107.  As a result of the aforesaid acts, PLAINTIFF has lost, and will continue to lose,

7  substantial earnings, promotional opportunities, fringe benefits and have suffered and/or will suffer

8  other actual, consequential and incidental financial losses, in an amount to be proven at trial in

9  excess of the jurisdictional minimum of this Court.

10  108.  As a result of the foregoing, PLAINTIFF has become mentally upset, distressed,

11  embarrassed, humiliated, and aggravated in a sum in excess of the jurisdictional minimum of this

12  Court.

13  109.  PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

14  PLAINTIFF will seek the recovery of her attorneys' fees and costs at the conclusion of this lawsuit.

15  110.  PLAINTIFF is accordingly entitled to exemplary, general, and compensatory

16  damages and attorneys' fees in amounts to be proven at trial, in addition to interest thereon and any

17  **TENTH CAUSE OF ACTION**

18  **Intentional Infliction of Emotional Distress**

19  **(As to all DEFENDANTS)**

20  111.  PLAINTIFF incorporates by reference, repeats and realleges, each and every

21  allegation contained all preceding and subsequent paragraphs as though fully set forth herein.

22  112.  DEFENDANTS engaged in intentional and outrageous conduct as alleged in this

23  Complaint, to PLAINTIFF'S detriment. By contacting PLAINTIFF while she was on her protected

24  leave to inform her of the malicious false accusations against her before PLAINTIFF had time to

25  fully recover from giving birth, SOUTHWEST engaged in a intentional and outrageous conduct.

26  113.  DEFENDANTS knew that the conduct was unlawful and condoned the illegal

27  activity by permitting it to occur in the workplace. DEFENDANTS, and each of them, knew that

28  such conduct would cause direct and immediate emotional harm to PLAINTIFF and they did

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-18-

1 | nothing to remedy the situation.

2 |     114.    DEFENDANTS, and each of them, subjected PLAINTIFF to discrimination based

3 | on pregnancy, sex, and disability, and retaliated against and wrongfully terminated PLAINTIFF'S

4 | employment. DEFENDANTS engaged in these unlawful actions with the specific intent to deprive

5 | PLAINTIFF of her peace of mind and with reckless disregard for her well-being.

6 |     115.    DEFENDANTS knew or should have known that the discrimination based on

7 | pregnancy, sex, and disability, and the retaliatory conduct perpetrated by DEFENDANTS, and each

8 | of them, was unlawful and designed to cause harm to PLAINTIFF. Each of these acts and certainly

9 | all of them together, resulted in PLAINTIFF suffering severe and extreme emotional distress.

10 |     116.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and will

11 | continue to suffer economic loss or disadvantage and emotional distress, including but not limited

12 | to, fatigue, depressions, sustained and prolonged pain and suffering, anxiety, embarrassment,

13 | humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek

14 | economic damages, non-economic damages, punitive damages, recovery of her reasonable

15 | attorney's fees and costs any and all other remedies and damages available under the applicable

16 | laws against DEFENDANTS.

17 | **ELEVENTH CAUSE OF ACTION**

18 | **Negligent Infliction of Emotional Distress**

19 | **(As to all Defendants)**

20 |     117.    PLAINTIFF incorporates by reference, repeats and realleges, each and every

21 | allegation contained all preceding and subsequent paragraphs as though fully set forth herein.

22 |     118.    DEFENDANTS, and each of them, engaged in negligent and careless conduct as

23 | alleged in this Complaint, to PLAINTIFF'S detriment.

24 |     119.    DEFENDANTS, and each of them, knew or should have known that such conduct

25 | would cause direct and immediate emotional harm to PLAINTIFF and they so negligently ran the

26 | employment environment that it did in fact cause PLAINTIFF such harm.

27 |     120.    DEFENDANTS, and each of them, subjected PLAINTIFF to discrimination based

28 | on pregnancy, sex, and disability, and retaliated against and wrongfully terminated PLAINTIFF'S

VALLANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1 | employment. DEFENDANTS engaged in these actions with negligent disregard for PLAINTIFF'S
2 | well-being.

3 | 121. DEFENDANTS knew or should have known that the discrimination based on
4 | pregnancy, sex, and disability, and the retaliatory conduct perpetrated by DEFENDANTS, and each
5 | of them, was unlawful and designed to cause harm to PLAINTIFF. Each of these acts and certainly
6 | all of them together, resulted in PLAINTIFF suffering severe and extreme emotional distress.

7 | 122. As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and will
8 | continue to suffer economic loss or disadvantage and emotional distress, including but not limited
9 | to, fatigue, depressions, sustained and prolonged pain and suffering, anxiety, embarrassment,
10 | humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek
11 | economic damages, non-economic damages, recovery of her reasonable attorney's fees and costs
12 | any and all other remedies and damages available under the applicable laws against
13 | DEFENDANTS.

**PRAYER FOR RELIEF**

15 | WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, and each of
16 | them, as follows:

17 | 123. For economic damages according to proof;

18 | 124. For compensatory non-economic damages according to proof;

19 | 125. For restitution of unpaid monies;

20 | 126. For liquidated damages;

21 | 127. For civil penalties;

22 | 128. For special damages according to proof;

23 | 129. For punitive damages where allowed by law;

24 | 130. For pre-judgment and post-judgment interest pursuant to California Civil Code §
25 | 3287 and/or California Civil Code § 3288 and/or any other provision of law providing for pre-
26 | judgment and post-judgment interest;

27 | 131. For attorneys' fees where allowed by law;

28 | 132. For costs of suit incurred herein; and

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

-20-

133.    For such other and further relief as this Court deems just and proper.

DATED: June 2, 2021                              **VALIANT LAW**

                                    By:

                                          KAMRAN SHAHABI
                                          MICHAEL SALDANA
                                          Attorneys for Plaintiff
                                          DESIREE LOWENBERG

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial in the above-entitled action.

DATED:  June 2, 2021          **VALIANT LAW**

By: _____
KAMRAN SHAHABI
MICHAEL SALDANA
Attorney for Plaintiff
DESIREE LOWENBERG

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909.677.2270 ◆ FAX 909.677.2290

-22-

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 10, 2020

Raymond Babaian
4150 Concours St., Ste. 260
Ontario, CA 91764

RE:  **Notice to Complainant's Attorney**
DFEH Matter Number: 202012-12042510
Right to Sue: Lowenberg / Southwest airlines co et al.

Dear Raymond Babaian:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

December 10, 2020

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202012-12042510
      Right to Sue: Lowenberg / Southwest airlines co et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 10, 2020

Desiree Lowenberg

RE:   **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202012-12042510
       Right to Sue: Lowenberg / Southwest airlines co et al.

Dear Desiree Lowenberg:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
December 10, 2020 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
2
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
3
**(Gov. Code, § 12900 et seq.)**

4
**In the Matter of the Complaint of**
5
Desiree Lowenberg                                                    DFEH No. 202012-12042510

6
                                        Complainant,
7
vs.

8
Southwest airlines co
2702 love field dr.
9
Dallas, Texas 75235

10
Thomas Wilson
330 3rd Ave
11
San Diego, CA 92101

12
                                        Respondents
13
————————————————————

14
1. Respondent **Southwest airlines co** is an **employer Southwest airlines co** subject to suit
under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).
15

16
2. Complainant is naming **Thomas Wilson** as individual Co-Respondent(s).

17
3. Complainant **Desiree Lowenberg**, resides in the City of , State of .

18
4. Complainant alleges that on or about **August 23, 2019**, respondent took the
following adverse actions:

19
**Complainant was harassed** because of complainant's family care or medical leave (cfra)
20
(employers of 50 or more people), pregnancy, childbirth, breast feeding, and/or related
medical conditions.

21
**Complainant was discriminated against** because of complainant's sex/gender, family
22
care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental),
pregnancy, childbirth, breast feeding, and/or related medical conditions and as a result of
23
the discrimination was terminated, denied reasonable accommodation for a disability,
denied accommodation for pregnancy.
24

25
**Complainant experienced retaliation** because complainant requested or used a
pregnancy-disability related accom., requested or used leave under the california family

26

27
                                        -1-
                        *Complaint -- DFEH No. 202012-12042510*
28
Date Filed: December 10, 2020

1  rights act or fmla (employers of 50 or more people) and as a result was terminated, denied
   any employment benefit or privilege.

2

3  **Additional Complaint Details:** CLAIMANT was hired by RESPONDENT in or about June
   24, 2017, as a flight attendant. At all times, CLAIMANT was a hardworking and consistent
4  employee. As a result of PLAINTIFF's hard work and devotion, CLAIMANT received
   RESPONDENT based incentive points.
5  From June 2017, to the end of November 2018, CLAIMANT worked out of the
   RESPONDENT hub located in Oakland, California. However, CLAIMANT lived and
6  continues to live in Hesperia California, and thus had to fly into Oakland prior to the start of
7  her work schedule. Despite having to travel over 400 miles, CLAIMANT maintained a
   satisfactory level of employment and attitude towards RESPONDENT.
8  Throughout PLAINTIFF'S employment, RESPONDENT allowed employees, including
   PLAINTIFF, to trade or drop their shifts with other RESPONDENT employees. Since
9  Respondent posted employee work schedules a month in advance, many employees
   utilized a third-party to directly interact with other RESPONDENT employee regarding
10 possible trades of shifts.
   As a result of PLAINTIFF'S living situation, CLAIMANT would try to trade shifts so that her
11 shifts were closer together which allowed her to reduce the amount of times she had to
   travel from her home to Oakland. Despite PLAINTIFF's efforts, there were many occasions
12 where CLAIMANT would sleep in the crew lounge or a van overnight between her
   scheduled shifts. Further, showing the dedication CLAIMANT had to her employment with
13 RESPONDENT.
14 On or about May 2018, CLAIMANT became aware that she was pregnant with her first child.
   After speaking to her healthcare provider, CLAIMANT immediately informed RESPONDENT
15 of her pregnancy. RESPONDENT does not have any official pregnancy work policy but
   allows for an employee to continue working in accordance with the recommendations of the
16 employee's healthcare provider.
   After her disclosure, CLAIMANT was given a pregnancy package from RESPONDENT, but
17 no interactive process was conducted.
   In or about June 2018, RESPONDENT announced the formation of a hub at LAX. Excited
18 about the possibility to drastically decrease her commute, CLAIMANT applied for a transfer
   from the Oakland hub to LAX.
19 On or about October 2, 2018, CLAIMANT visited urgent care with the belief that she had a
   Urinal tract infection (hereinafter "UTI"). At the time the health professionals, mistakenly
20 believed CLAIMANT was only experiencing pregnancy related issues and dismissed
   PLAINTIFF. About two weeks later, on or about October 15, 2018, CLAIMANT was rushed
21 to the emergency room due to the complications of a UTI. Additionally, the healthcare
   professionals also diagnosed PLAINTIFF'S symptoms as premature contractions. She was
22 treated at the hospital and later cleared for work.
   After PLAINTIFF'S incident, she worked as much as possible in fear of losing her job.
23 Despite PLAINTIFF's best efforts to work through her pain and discomfort, CLAIMANT was
24 forced to miss work. Since she was a qualified worker, CLAIMANT used her protected leave,
   under the Family and Medical leave act, if she felt that her pregnancy complications
25 prevented her from providing the best care for RESPONDENT customers. Despite
   PLAINTIFF's continued display of commitment, RESPONDENT still reframed from engaging

26

27                                         -2-

28 Date Filed: December 10, 2020

1  in any interactive process with CLAIMANT to determine if any reasonable accommodations were needed.

2  On or about October 29, 2018, RESPONDENT approved PLAINTIFF's transfer request from the Oakland hub to Los Angeles airport. PLAINTIFF's official start date for the LAX hub was

3  December 1, 2018. Additionally, in early November 2018, RESPONDENT released the work schedule for the month of December. As a result of PLAINTIFF's Transfer, she was able to

4  take advantage of the shorter commute and take different schedules which she previously was not able to take. CLAIMANT traded to take "reserve blocks" which consisted of multiple

5  days where the employee was on call to cover a flight if another flight attendant was unable to make it to their shift.

6  On or about November 30, 2018, during a return flight from Ontario, California, to Oakland,

7  California, CLAIMANT began to experience symptoms related to those she experienced as a result of her previous UTI. Fearful of a possible second UTI, CLAIMANT informed

8  RESPONDENT that she would be unable to work the next day – December 1, 2018. To protect not only her wellbeing but her baby's wellbeing, CLAIMANT visited her medical

9  professional. Due to PLAINTIFF'S then current condition, her medical professionals recommended that CLAIMANT enter her maternity leave sooner than expect in order to

10  prevent any further pregnancy complications. In compliance with the medical advice, on or about December 3, 2018, CLAIMANT informed RESPONDENT that she was going to enter

11  her maternity leave sooner than expected, as a result of pregnancy complications.

12  Throughout the month of December 2018, CLAIMANT continued to experience pregnancy complications which resulted in numerous visits to the hospital. After being in labor nearly

13  four days and being forced to have a C-Section, CLAIMANT gave birth to her first born on January 13, 2019.

14  Less than a month after her baby was born and while CLAIMANT was still on leave to bond

15  with her child, on or about February 4, 2019, CLAIMANT received a phone call from RESPONDENT management representative Joe, last name unknown. To her surprise, CLAIMANT was accused of "picking up trips with the intent not to fly" which was a classified

16  as a class-1 violation. In an effort to resolve any confusion, CLAIMANT informed Joe that she was unable to fly on certain dates as a result of her pregnancy complications.

17  Unfortunately, her explanations fell upon deaf hears as CLAIMANT was advised to seek her

18  Union representative. As a result of RESPONDENT's accusation, CLAIMANT was scheduled to go in for a "fact finding meeting" when she returned to work.

19  After her legally protected term of maternity leave was finished, CLAIMANT returned to work with the expectation of conducting a "fact finding meeting". To her inconvenience,

20  CLAIMANT was informed after her first flight that the meeting was moved to the end of the week.

21  On or about August 16, 2019, CLAIMANT met with WILSON, the assistant base manager of RESPONDENT at LAX, to discuss the accusations against PLAINTIFF. WILSON claimed

22  that CLAIMANT had taken flights with the intent not to fly for money. To defend herself, CLAIMANT explained that she used FMLA protected leave days because she was dealing

23  with pregnancy complications. Additionally, CLAIMANT explained that she had planned to work for the month of December, but it was due to unexpected pregnancy complication

24  which resulted PLAINTIFF'S doctors to recommend that CLAIMANT not return to work in order to protect PLAINTIFF's health and the health of the baby. To support her contentions,

25  CLAIMANT provided medical documents that proved that PLAINTIFF's absence from

26

27

28  Date Filed: December 10, 2020

1  December work was due to unexpected – therefore not intentional – pregnancy
   complications.
2  Despite the amount of evidence supporting PLAINTIFF, WILSON ended the meeting by
   taking PLAINTIFF's badge and ultimately terminating CLAIMANT a week later on or about
3  August 23, 2019

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              -4-
                            *Complaint -- DFEH No. 202012-12042510*
28
   Date Filed: December 10, 2020

1  VERIFICATION

2  I, **Raymond Babaian**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
   On December 10, 2020, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                    **Ontario, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                              -5-
27                        *Complaint – DFEH No. 202012-12042510*

28  Date Filed: December 10, 2020